UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NANCY J. C.,[1]

      **Plaintiff,**

v.                                          Civil Action 1:22-cv-620
                                           Magistrate Judge Chelsey M. Vascura

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## OPINION AND ORDER

Plaintiff, Nancy J.C. ("Plaintiff"), brings this matter under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for social security disability insurance benefits. This matter is before the Court for disposition based upon the parties' consent (ECF No. 3 and Clerk's Notice), and for consideration on the Commissioner's Motion to Dismiss for Failure to State a Claim or, Alternatively, Motion for Summary Judgment (Def.'s Mot., ECF No. 8.), Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss for Failure to State a Claim or, Alternatively, Motion for Summary Judgment (Pl.'s Opp'n, ECF No. 9) and Plaintiff's Supplemental Memorandum in Opposition to Motion to Dismiss (Pl.'s Supp. Opp'n, ECF No.

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment, or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

17). For the following reasons, the Commissioner's Motion for Summary Judgment is **GRANTED**.

## I. BACKGROUND

Plaintiff protectively filed an application for DIB on August 1, 2017, alleging that she became disabled on June 7, 2017. (Compl., ECF No. 1.) Plaintiff's application was denied initially November 3, 2017, and upon reconsideration on August 9, 2018. (*Id*.) On December 6, 2019, an Administrative Law Judge ("ALJ") issued a partially favorable determination. (*Id*.) The Appeals Council reviewed that partially favorable determination and on December 3, 2020, remanded the matter for further hearing. (*Id*.) A second hearing was held in March 2021 before an ALJ, who issued an unfavorable determination on May 25, 2021. (*Id.*; Mapp Decl., ECF No 8-1, Ex. A ¶ 3(a), Ex. 1.) The Appeals Council declined to review that unfavorable determination on August 26, 2022, and thus it became final. (Compl., ECF No. 1, Mapp Decl., ECF No 8-1, Ex. 2.) In that notice, the Appeals Council informed Plaintiff that she had the right to file a civil action within 60 days of the notice, unless Plaintiff showed otherwise. (Mapp Decl., ECF No 8-1, Ex. 2.; Noth Aff., ECF No. 9-1, Ex. A.)

Plaintiff declares that the Complaint was filed on October 25, 2022, and that the filed Complaint "was not posted in the Court's system until November 3, 2022." (Pl.'s Opp'n, 1, ECF No. 9.) Deanna J. Noth, legal assistant to Plaintiff's counsel, swears that on October 25, 2022, she electronically filed the subject Complaint, as evidenced by the "attached Transaction Receipt." (Noth Aff., ECF No. 9-1, Ex. D). The Transaction Receipt does not indicate that the Complaint was filed on October 25, 2022, but rather shows an empty docket and states that "Proceedings for case 1:22-cv-00620 are not available." (*Id.*)

On November 3, 2022, Plaintiff filed her Complaint against the Commissioner (ECF No. 1). On February 2, 2023, the Commissioner filed the subject Motion to Dismiss All Claims

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or Alternatively, Motion for Summary Judgment Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure.

On March 8, 2023, the Court held a telephone conference and discussed the Commissioner's pending Motion to Dismiss (ECF No. 8) and Plaintiff's Opposition to the same (ECF No.9). (ECF No. 11.) In light of those discussions, the Court directed the Clerk of this Court to file a System Transactions Report (ECF No. 12) for this case number, which reflected all case activity, as well as an Internet Payments Made Report (ECF Nos. 13, 14) for this case number, which reflected payments made. (ECF No. 11.) The System Transaction Report reflected that on October 25, 2022, Plaintiff's counsel opened a case, but aborted the process before filing the Complaint. (ECF No. 12.) Plaintiff's counsel then accessed this case number and filed the Complaint (ECF No. 1) on November 3, 2022. (*Id.*) The Internet Payments Made Report for this case number reflected that Plaintiff's counsel paid the $402.00 filing fee for this case on October 25, 2022, and again paid the $402.00 filing fee for this case on November 3, 2022, the date the Complaint was filed. (ECF Nos. 13, 14.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(d) provides that if a party includes, and the Court accepts, evidence in support of a motion to dismiss, the motion "must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P 12(d). If the Court converts a motion to dismiss into a motion for summary judgment, the court must give the parties "a reasonable opportunity to present all the material that is pertinent to the motion." *Id*.

Because the parties submitted, and the Court relies upon, documents not attached to or referred to in the Complaint, the Court analyzes the Commissioner's Motion under the summary judgment standard. *Id.* Plaintiff had reasonable notice and an opportunity to present material in opposition to the Commissioner's Motion.

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the court may "consider the fact undisputed for purposes of the motion").

The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255 (citation omitted). "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, . . . there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (internal quotation marks and citations omitted); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record"). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

### III. ANALYSIS

The Commissioner contends that Plaintiff's Complaint should be dismissed as time-barred because it was not filed within the 60-day limitations period. (Def.'s Mot., 3, ECF No. 8.)

4

Plaintiff maintains that the Complaint (ECF No. 1) was either timely filed or intended to be timely filed, thus the Court should allow the action to proceed. (Pl.'s Opp'n, 1, ECF No. 9; Pl.'s Supp. Opp'n, 4, ECF No. 17.) Construing all disputed facts in the light most favorable to Plaintiff, the Court finds that Plaintiff's claim is time-barred and does not survive summary judgment.

**A.      Timeliness**

The Commissioner argues that Plaintiff's civil action was untimely. Section 405(g) of the Social Security Act provides the exclusive method of obtaining review of a final decision of the Commissioner. *See* 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided…"). This section provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C.§ 405(g). The implementing regulations consistently provide, "[a]ny civil action . . . must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision… is received by the individual . . . except that this time may be extended by the Appeals Council upon a showing of good cause." 20 C.F.R. § 422.210(c). A claimant is presumed to have received the notice of the Appeals Council's denial of request for review five days after the date of the notice, unless the claimant can make a reasonable showing otherwise. *Id.*

Here, there is no dispute that the Appeals Council issued a letter to Plaintiff dated August 26, 2022, notifying her that the ALJ's determination was the final decision of the Commissioner.

5

(Pl.'s Opp'n, 1, ECF No. 9; Def.'s Mot., 2, ECF No. 8.) Plaintiff is therefore presumed to have received the August 26, 2022 letter by August 31, 2022. 20 C.F.R. § 422.210(c). (*See also,* Def.'s Mot., 2, ECF No. 8.) Thus, Plaintiff was required to file her Complaint on or before October 31, 2022, in order to comply with the limitations period set forth in § 405(g). Plaintiff did not file the Complaint until November 3, 2022. (*See* Complaint, ECF No. 1; ECF No. 12.) Plaintiff admits that the notice was dated August 26, 2022 but alleges that she received the notice on September 1, 2022. (Pl.'s Opp'n, 1, ECF No. 9.) Plaintiff does not, however, dispute that the presumptive receipt date of the notice was August 31, 2022. Nor does Plaintiff argue that receipt of the notice on September 1, 2022, affected the filing deadline or her actions. Thus, Plaintiff had to file her Complaint on or before October 31, 2022, in order to comply with the limitations period set forth in Section 405(g). Plaintiff did not file her Complaint until November 3, 2022. Accordingly, Plaintiff's Complaint was untimely.

**A.      Equitable Tolling**

Plaintiff argues that the doctrine of equitable tolling should save her Complaint. (Pl.'s Supp. Opp'n, 3–4, ECF No. 17.) Plaintiff bears the burden of demonstrating that exceptional circumstances warrant equitable tolling. *See Kellum v. Comm'r of Soc. Sec.*, 295 F. App'x 47, 49 (6th Cir. 2008). "This is a high hurdle to clear, as 'federal courts sparingly bestow equitable tolling.'" *Id.* (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)). Additionally, "[t]ypically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys*, 209 F.3d at 560–61. The Sixth Circuit has consistently held that an attorney's mistake or negligence does "not [] rise to the 'extraordinary' circumstances required for equitable tolling." *Jurado v. Burt*, 337 F.3d 638, 644-45 (6th Cir. 2003) ("a lawyer's mistake is not a valid basis for equitable tolling") (quoting *Whalen v. Randle,*

37 F. App'x 113, 120 (6th Cir. 2002)). Finally, "the actions of a privately retained attorney are imputed to the client." *Kellum*, 295 F. App'x at 50 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396-97 (1993)).

Where appropriate, equitable tolling applies to § 405(g)'s statute of limitations. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 436 (6th Cir. 2007) (citing *Bowen v. City of New York*, 476 U.S. 467, 481 (1986)). The Sixth Circuit has set forth five factors to consider in determining whether equitable tolling is appropriate:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Cook,* 480 F.3d at 437 (quoting *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir. 2001)); *see also Hykes v. Lew,* No. 16-5509, 2017 WL 4863108, at *2 (6th Cir. Mar. 1, 2017) (citing *Dixon v. Gonzales*, 481 F.3d 324, 331 (6th Cir. 2007)). These five factors are not exclusive, however, and the decision of whether a plaintiff is entitled to equitable tolling "should be made on a case-by-case-basis." *Dixon v. Gonzales*, 481 F.3d 324, 331 (6th Cir. 2007) (citing *Armini v. Oberlin College*, 259 F.3d 493, 500 (6th Cir. 2001)). Here, each of the factors weigh against Plaintiff.

Plaintiff has failed to meet her burden of demonstrating that exceptional circumstances warrant equitable tolling. Rather than addressing each of the relevant factors, Plaintiff blames the Court for her failure to timely her Complaint and argues only that the Commissioner would not be prejudiced by allowing this action to proceed. (Pl.'s Supp. Opp'n, 4, ECF No. 17.)

Plaintiff failed to assert any argument as to four of the relevant factors. (*See, e.g.*, Pl.'s Opp'n, ECF No. 9; Pl.'s Supp. Opp'n, ECF No. 17.) Nevertheless, the Court considers each of the factors and finds that Plaintiff is not entitled to equitable tolling of the statute of limitations.

1. **Actual and Constructive Notice**

Plaintiff does not allege that she did not have actual or constructive notice of the filing requirement. (Pl.'s Opp'n, 1, ECF No. 9; Pl.'s Supp. Opp'n, 4, ECF No. 17.) Indeed, Plaintiff concedes that she received the Notice of Appeals Council Action, dated August 26, 2022, on September 1, 2022. (Pl.'s Opp'n, 1, ECF No. 9.) As the Commissioner notes, that Notice explicitly laid out the filing requirements and deadlines. (Def.'s Mot. 2, ECF No. 8.) Specifically, Plaintiff "ha[d] 60 days to file a civil action" and that it would be presumed she "received th[e] letter 5 days after the date on it . . . ." (Def.'s Mot. Ex. 2 to Ex. A, ECF No. 8-1.) Thus, the Notice provided Plaintiff with both actual and constructive notice. *See Flanagan*, 2020 WL 7630176, at *4 (citing *Guidry v. Comm'r of Soc. Sec.*, No. 16-47-RLB, 2016 WL 6540450, at *3 (M.D. LA Nov. 2, 2016) ("The clear language of the regulations and the Notice 'belies any claim to legal confusion.'"); *Tracie D. v. Comm'r of Soc. Sec.*, No. 2:21-CV-5726, 2022 WL 1084893, at *3 (S.D. Ohio Apr. 11, 2022), *report and recommendation adopted*, No. 2:21-CV-5726, 2022 WL 1316435 (S.D. Ohio May 3, 2022). Plaintiff's actual and constructive notice of these deadlines weighs against equitable tolling.

2. **Plaintiff's Diligence**

Plaintiff argues that "there was a clear intent to file on October 25, 2022, which would have been timely[.]" (Pl.'s Supp. Opp'n, 4, ECF No. 17.) Plaintiff opened a case on October 25, 2022, prior to the deadline to initiate a civil action. (*See, e.g.,* Complaint, ECF No. 1.) Plaintiff's counsel, however, aborted the process before filing the Complaint on October 25, 2022, and did not file the same until November 3, 2022. (*See* Mar. 10, 2023 Order, ECF No. 12, 1 (showing

8

that Plaintiff "Opened New CV Case 1:22-cv-620" on October 25, 2022, but did not file the Complaint until November 3, 2022); Pl.'s Opp'n 1, ECF No. 9; ECF No. 11, 1; Pl.'s Supp. Opp'n 1–2, Ex. E, ECF No. 17.) Plaintiff asserts that her counsel paid the filing fee by credit card on both October 25, 2022, and November 3, 2022, and received notice of payment confirmation for the same. (Pl.'s Supp. Opp'n 1–2.) This is supported by the Internet Payments Made Reports. (ECF Nos. 13, 14.) Plaintiff further asserts that her counsel reviewed the notifications from the Court and "the only notification of record that pertains to the filing is the Notice of Deficiency on November 3, 2022, advising the Social Security Identification Form had not been filed." (Pl.'s Supp. Opp'n 2, ECF No. 17.) Thus, Plaintiff argues that "[i]t is unexplained how the Court could enter the case on the civil docket, indicating a caption with a defendant, noting the nature of the cause of action jurisdiction, with the US [sic] Government as a defendant and a filing date of October 25, 2022 but not have the Complaint of record. Clearly, such information would have been included with the Civil Docket Statement and Complaint, which would have been filed as a joint filing." (*Id.* at 3.) While some of these facts weigh in favor of Plaintiff's diligence, the record as a whole, weighs against it.

      To be clear, it is the responsibility of the parties, not the Court, to ensure that they understand the electronic filing system, can utilize it for filing, seek out assistance when needed, and "stay apprised of technical difficulties." *Henken v. IW Trust Funds*, 568 F. Supp. 3d 870, 874–75 (S.D. Ohio 2021) (citing *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012)). Significantly, the Sixth Circuit has held that parties have an affirmative duty to monitor electronic dockets. *Yeschick v. Mineta*, 675 F. 3d at 630 (citing *Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 371 (6th Cir. 2007), and *Reinhart v. U.S. Dep't of Agric.,* 39 F. App'x 954, 956–57 (6th Cir. 2002)). Thus, regardless of whether email notifications are received, parties have a

9

duty to stay apprised of developments in a case. *See Yeschick v. Mineta,* 675 F.3d at 629–30 (citing *Kuhn*, 498 F.3d at 37071.) Moreover, adhering to the Court's rules is inherent in an attorney's duty to maintain competence. (*See* Prof. Cond. Rule 1.1.) Accordingly, if attorneys have technical issues with the CM/ECF system, they must "inform the Court promptly . . . before they allege failure to receive documents through ECF." *Henken*, 568 F. Supp. 3d at 875 (citing *Kuhn*, 498 F.3d at 630).

The Court notes that permanent members of the bar of this Court are required to, *inter alia*, "affirmatively certify that [they are] familiar with the Court's ECF system" prior to admission. S.D. Ohio Civ. R. 83.3(c)(1)(v). The Electronic Filing Policies and Procedures Manual (the "ECF Manual"), which sets forth specific procedures for electronic filing, supplements the Local Rules of the Southern District of Ohio, in governing the "the practice and procedure in cases before the United State District Court for the Southern District of Ohio[.]" S.D. Ohio Civ. R. 1.1(c)-(e). The Southern District of Ohio requires parties to file all documents electronically, using the Case Management/Electronic Case Filing system ("CM/ECF"), with discrete exceptions. S.D. Ohio Civ. R. 3.1(a); ECF Manual 1.1. In addition to the procedures in the ECF Manual, the Court provides "FAQs, How to Guides, and Training Modules." *Id*. Included in these training modules, is an online case opening training, which provides step-by-step instructions on how to initiative a civil action. *See Opening a New Case*, Electronic Case Filing, UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF OHIO (July 7, 2023, 11:47 AM), https://www.ohsd.uscourts.gov/electronic-case-filing.

Despite the record wholly refuting her argument, Plaintiff maintains that her counsel filed the Complaint and has "no explanation for why the Complaint filed on October 25, 2022, is otherwise not posted in the Court's system until November 3, 2022, as all actions necessary to

10

complete the filing were imitated and completed on October 25, 2022." (Pl.'s Opp'n, 1–2, ECF No. 9.) This argument is neither supported by the record, nor compelling.

First, the logistics of *how* a case can be opened without a complaint filed have been explained to Plaintiff, multiple times. (*See, e.g.,* Notice, ECF No. 10 (setting a telephone conference on this issue); Order, ECF No. 11 (memorializing the parties conference with the Court and detailing the findings from the System Transactions Report); ECF Nos. 12, 13, 14.) Pursuant to the Local Rules, parties are required to file new civil cases electronically and certify their understanding of the CM/ECF system prior to admittance to the bar. ECF Manual 2.1. And should parties require assistance with the CM/ECF system, it is their responsibility to seek out the same. *Id.* (directing attorneys to the Court's "new case filing guide on the Court's CM/ECF webpage" should they require assistance).

Moreover, a cursory review of the ECF Manual and related resources demonstrates that opening a civil case, and thus generating a case number, is imperative because in order to file documents in CM/ECF, a party must first enter the case number in which the document is to be filed. *See e.g., Training Modules; Opening a New Case; Filing Documents Guide*, *Electronic Case Filing,* UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF OHIO (July 7, 2023, 11:47 AM), https://www.ohsd.uscourts.gov/electronic-case-filing. The ECF Manual also explains payment of filing fees: parties may pay filing fees electronically through CM/ECF via a third-party website, pay.gov and the receipt of the same is indicated in the text of the docket entry, demonstrating that the filing fee is paid prior to filing a complaint. ECF Manual 4.1. Finally, as explained within the ECF Manual, the Court's CM/ECF system automatically generates a "Notice of Electronic Filing" ("NEF") of every electronically filed document. ECF Manual 1.1. A document is deemed filed upon generation of the NEF: "[a]n electronically submitted

document shall not be considered filed for purposes of the Federal Rules of Civil [] Procedure until the filing party receives a system-generated 'Notice of Electronic Filing'[.]" *Id*.

Here, Plaintiff's counsel opened a case on October 25, 2022, but "aborted the process before filing the Complaint." (ECF No. 11, 1; Pl.'s Supp. Opp'n, 6, Ex. E, ECF No. 17.) Plaintiff essentially pleads ignorance as to how this situation could have come about and asserts that her intent to file the complaint demonstrates diligence. It does not. It is solely the responsibility of the parties to ensure that they follow the Court's policies and procedures when electronically filing. And it is evident that Plaintiff's counsel did not complete filing the Complaint on October 25, 2022, as alleged. Failing to ensure that a complaint was properly filed hardly demonstrates diligence, especially days before the statute of limitations runs. Moreover, Plaintiff's assertion that it is "unexplained" how a case was opened but no complaint filed, demonstrates a disregard for the District's Electronic Filing Policies and Procedures, at best. As set forth above, the District's applicable rules are straightforward, and an attorney must communicate any technical difficulties to the Court immediately. Plaintiff's counsel did not do so.

Plaintiff next states that her counsel did not receive "notice from the Clerk's office of any deficiency in the filing of October 25, 2022," and that upon review, the only relevant notification they received "is the Notice of Deficiency on November 3, 2022, advising the Social Security Identification Form had not been filed." (Pl.'s Supp. Opp'n 2, 4, ECF No. 17.) This argument is meritless, and weighs *against* Plaintiff's diligence.

First, it is evident from the Docket that Plaintiff received an NEF upon filing the Complaint on November 3, 2023. (*See,* ECF No.1, Notice of Electronic Filing (showing the NEF was electronically mailed to Plaintiff's counsel at dabecker@fuse.net at 11:00 AM on November 3, 2022.)) Next, parties are expected to ensure that their information is correct and up to date to

12

ensure timely communication from the Court. *See, e.g. Henken,* 568 F. Supp. 3d 870. Allowing "parties to ignore entirely the electronic information at their fingertips would severely undermine the benefits for both courts and litigants fostered by the CM/ECF system, including ease and speed of access to all the filings in a case." *Kuhn*, 498 F.3d at 371. Indeed, complying with the duty is as simple as "scan[ning] periodically the electronic docket for recent activity." *Id.* Moreover, failure to receive notification from the Court upon filing a Complaint is all the more reason to check the docket, because it is clear that an "electronically submitted document [is not] filed . . . until the filing party receives a system-generated [NEF.]" ECF Manual 1.1. The *lack* of such notice on October 25, 2022, should have alerted Plaintiff's counsel to check the docket, at minimum.

Plaintiff further asserts that a filing fee of $402.00 was processed on October 25, 2022, and thus insinuates that the Complaint was filed on that date.[2] As set forth above, electronic filing fees are paid prior to submission of a Complaint. The payment information is then displayed in the text of the docket, which filers have the opportunity to review prior to submission. ECF Manual, 4.1. Here, the docket text is displayed as follows: (Filing fee $402 paid – receipt number: AOHSDC-912104). (*See* Docket; ECF No. 1.) Logic dictates that this payment must be made *prior to electronic* submission of the Complaint for the payment information to be displayed in this manner. Perhaps more illustrative are the Court's ECF training modules, which walk a filing party through the initiation of a civil action, step by step, including payment of the

---

[2] Plaintiff also alleges that "the action of November 3rd . . . raises questions of double billing." The Court notes that its March 9, 2023 Order specifically directed the Finance Department to refund $402.00 to Plaintiff's counsel. (Order, ECF No. 11 ("The Internet Payments Made Report for this case number reflects that Attorney Becker paid the $402.00 filing fee for this case on October 25, 2022, and *again* paid the $402.00 filing fee for this case on November 3, 2022, the date the Complaint was filed. Given that Attorney Becker has twice paid the filing fee for this case, the Finance Department is **DIRECTED** to refund $402.00 to Attorney Becker.").)

13

filing fee and submission of the complaint. *See e.g., Training Modules; Opening a New Case; Filing Documents Guide*, *Electronic Case Filing,* UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF OHIO (July 7, 2023, 11:47 AM), https://www.ohsd.uscourts.gov/electronic-case-filing. Further, it is evident that Plaintiff's counsel did not check the docket, even though he allegedly was not receiving notices. Moreover, the docket illustrates Plaintiff's counsel poor adherence to the District's rules.[3] It is evident that Plaintiff's counsel did not complete filing the Complaint on October 25, 2022, or within the applicable 60-day limitations period. But an attorney's "mistake or negligence . . . in filing his client's appeal is insufficient to constitute extraordinary circumstances." *See Nilson v. Comm'r of Soc. Sec.*, No. 1:18-cv-908, 2019 WL 2344766, at *1 (W.D. Mich. Jan. 8, 2019) (citing *Holland v. Florida*, 560 U.S. 631, 651-52 (2010) (failure by counsel to file an action prior to the expiration of the filing deadline is an insufficient basis to invoke equitable tolling); *Jurado v. Burt*, 337 F.3d 638, 644-45 (6th Cir.

---

[3] Plaintiff's counsel attached to Complaint a summons form, rather than the requisite Social Security Identification Form. (Summons, ECF 1-1.) S.D. Ohio Civ. R. 8.1A requires plaintiffs in social security cases to file the identification form rather than a summons:

> In cases arising under 42 U.S.C. S 405(g) or 42 U.S.C. S 1383(c)(3), the plaintiff will file a Complaint with the Clerk, along with a Social Security Identification Form containing the full name and complete Social Security number of the plaintiff… The identifying information is necessary for the Commissioner to obtain and produce the certified administrative record . . . . Service will be considered complete when the CM/ECF system generates electronic service of the Complaint . . . .

S.D. Ohio Civ. R. 8.1A; *see also*, Docket, Nov. 11, 2022 Notice of Deficiency (informing counsel that the attached summons would not be issued and directing filing of the SSID form). Next, on March 24, 2023, the Clerk issued a Notice of Non-Compliance with Local Rule 5.1(c), when Plaintiff's counsel failed to file his supplemental memorandum document as a searchable PDF. (*See*, ECF No. 16.) The Court also notes that Plaintiff's counsel's supplemental memorandum fails to attach exhibits in compliance with the ECF Manual.

2003) ("a lawyer's mistake is not a valid basis for equitable tolling")). Thus, the Court cannot find that Plaintiff acted diligently.

### 3. Prejudice to Defendant

Plaintiff asserts that the "Commissioner would not be prejudiced by accepting October 25th as the date of filing." (Pl.'s Supp. Opp'n, 4, ECF No. 17.) Plaintiff does not support this conclusion, nor does her assertion mean that defending this untimely action would not prejudice the Commissioner. As the Sixth Circuit has explained, "there are millions of applicants for Social Security benefits each year, and [ ] the lack of a clear filing deadline could create havoc in the system." *Cook*, 480 F.3d at 436. Deviating from this rule would, generally, prejudice the Commissioner's ability to litigate Social Security Appeals. Moreover, lack of prejudice only becomes a prominent factor after the movant establishes other factors in favor of tolling. *Tracie D.*, 2022 WL 1084893, at *3 (citing *Kellum*, 295 F. App'x at 49–50 ("Although absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify such tolling is identified, it is not an independent basis for invoking the doctrine and sanctioning deviations from established procedures.") (internal citation omitted)). Here, Plaintiff has not established any factor weighing in her favor.

### 4. Reasonableness

Plaintiff does not argue that her delay was reasonable. As established above, neither attorney mistake nor negligence warrants equitable tolling. *See Jurado,* 337 F.3d at 644–45. Thus, this factor weighs against equitable tolling.

In sum, Plaintiff has not met her burden of establishing that she is entitled to equitable tolling. Mistake or negligence by Plaintiff's counsel in filing the Complaint is not sufficient to overcome this high burden.

Here, Plaintiff's counsel did not initiate a civil action prior to the statute of limitations running, because he failed to file the Complaint with the Court on or before October 31, 2022. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). As other courts have held under similar circumstances, "[a]lthough this result may seem harsh, the Court is constrained to follow the law." *Nilson*, 2019 WL 2344766, at *1. Accordingly, Plaintiff's claim is time-barred, and as "there is no genuine dispute as to any material fact," the Commissioner is entitled to summary judgment. Fed. R. Civ. P. 56(a).

### IV. DISPOSITION

For the foregoing reasons, the Commissioner's Motion for Summary Judgment (ECF No. 8) is **GRANTED**.

The Clerk shall enter judgment in favor of the Commissioner as to all claims by Plaintiff Nancy J.C. and close this case.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE